IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00140–CMA–KMT

CAROLYN E. JONES,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE CO. OF FLORIDA, and
HSBC FINANCE CORPORATION, formerly known as HOUSEHOLD FINANCE HFC f/k/a
BENEFICIAL FINANCE CORP.,

    Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Amended Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15 and Motion to Join Necessary Party Pursuant to FRCP." (Doc. No. 31 [Mot.], filed March 29, 2011.) Defendant HSBC Finance Corporation (HSBC) filed its opposition on April 18, 2011 (Doc. No. 39 [Resp.]) and Defendant American Bankers Insurance Company of Florida (ABI) joined in this opposition on April 20, 2011 (Doc. No. 41). Plaintiff filed a reply on May 5, 2011. (Doc. No. 56.) The motion is ripe for review and ruling.

**STATEMENT OF THE CASE**

The following description is taken from Plaintiff's complaint (Doc. No. 2) and Defendants' Notice of Removal (Doc. No. 1.) Plaintiff alleges that, in 1990 she took out a loan

from HBSC, formerly known as Household Finance Corporation (HFC), and, in connection with that loan, purchased an involuntary unemployment insurance policy issued by ABI. The policy was intended to make payments on the loan in the event she became unemployed. Plaintiff alleges that, in 2005 she lost her job and was unemployed for approximately six months.

According to Plaintiff, she made a claim for policy benefits, but ABI delayed paying on the policy. Plaintiff contends that this delay forced her to file for bankruptcy. Apparently, ABI eventually paid the policy to HFC. However, Plaintiff alleges that, because the loan had already been discharged in bankruptcy, ABI wrongfully made payments to HFC rather than to Plaintiff directly. She also claims that HFC improperly required her to purchase the insurance policy as a condition of the loan.

Plaintiff brings claims under the Colorado Unfair Competition-Deceptive Practices Act and the Colorado Consumer Protection Act, including claims for insurance bad faith, statutory first-party bad faith, fraud and outrageous conduct.

## PROCEDURAL HISTORY

Plaintiff filed suit in state court on December 17, 2010. (Doc. No. 2.) On January 20, 2011, ABI removed the case to this Court. (Doc. No. 1.) On January 27, 2011, both Defendants filed motions to dismiss for failure to state a claim, arguing, *inter alia*, that only the Chapter 7 bankruptcy trustee has standing to pursue her pre-petition claims and that Plaintiff improperly includes a claim for punitive damages in her complaint. (*See* Doc. No. 11 at 6-7, 12; Doc. No. 13 at 10-11, 14-15.) Plaintiff first filed a motion to amend the complaint on March 25, 2011 (Doc. No. 26) which this court denied for failure to confer as required by D.C.COLO.LCivR

7.1A (Doc. No. 30). After conferring with Defendants, Plaintiff filed the present motion to amend. (Doc. No. 31.) She seeks joinder of the bankruptcy trustee pursuant to Fed. R. Civ. P. 19 and to withdraw her claim for punitive damages.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

## ANALYSIS

Defendants oppose Plaintiff's proposed amendment on the grounds that only the bankruptcy trustee has standing to pursue the claims, so Plaintiff should not be included in the

complaint at all and because Plaintiff's attorney has not been retained to represent the Trustee in this lawsuit.

Although Defendants have not specifically addressed the *Foman* factors, their arguments go to the futility of Plaintiff's proposed amendments. To the extent Defendants argue that Plaintiff should not be included as a plaintiff in the Amended Complaint, that is not a proper basis for denying the motion to amend. Plaintiff is included in the original complaint so a denial of the motion to amend would not affect her status as a party to the complaint. Plaintiff's standing has been challenged in Defendants' motions to dismiss and the issue is pending before the District Judge.

Defendants' argument that Plaintiff lacks standing is based on the assertion that Plaintiff's claims are part of the bankruptcy estate and the bankruptcy trustee has the sole authority to prosecute those claims. In moving to amend, Plaintiff recognizes that the Trustee is potentially a real party in interest, although she disputes that she is not a real party in interest as well. (Mot. at 1-2.) She seeks to join the trustee under Fed. R. Civ. P. 19 "so that all potential real parties in interest [will] be a party to this action." (Mot. at 2.) Thus Plaintiff, by her proposed amendments, is seeking to correct this purported deficiency.

Rule 19 provides:

> (a) Persons Required to Be Joined if Feasible.
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or

>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a).

Defendants do not address the requirements of Rule 19. Rather, they object to joinder of the trustee because he is not represented by counsel. Defendants cite Bankruptcy Code § 327(a) which provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Defendants argue that the Trustee has not retained Plaintiff's counsel, or any other attorney to represent him in this lawsuit and that Plaintiff's counsel has not met the requirements of § 327(a), including that he be disinterested and not hold an interest adverse to the estate. (Resp. at 3.)

Defendants arguments are unavailing. Section 327(a) is discretionary in that a trustee "*may* employ one or more attorneys . . . to represent the trustee or assist the trustee in carrying out the trustee's duties . . . ." 11 U.S.C. § 327(a) (emphasis added). The court finds no

obligation that a trustee obtain counsel. A brief survey of cases reflects that trustees regularly appear *pro se*. *See, e.g.*, *In re Stephens*, 402 B.R. 1 (B.A.P. 10th Cir. 2009); *In re Carbaugh*, 278 B.R. 512 (B.A.P. 10th Cir. 2002); *In re Green*, 281 B.R. 699 (D. Kan. 2002). The mere possibility that the Trustee does not have counsel, or that Plaintiff's counsel has not met the requirements of § 327(a), does not render futile Plaintiff's proposed joinder of the Trustee. Defendants have made no other argument that joinder of the trustee would be improper or otherwise futile.

Plaintiff also seeks to withdraw her claim for punitive damages, based on her understanding that she should only plead a claim for punitive damages after completing initial discovery. Defendants do not object to this amendment.

The case is still in its early stages. The court has not yet held a scheduling conference and written discovery and depositions have been stayed temporarily. (*See* Doc. No. 59.) The court finds no evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, or undue prejudice to Defendants. Accordingly, it is

**ORDERED** that Plaintiff's "Amended Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15 and Motion to Join Necessary Party Pursuant to FRCP" (Doc. No. 31) is GRANTED. The Clerk of Court shall file Plaintiff's "Amended Complaint" (Doc. No. 31-3).

Dated this 25th day of May, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge