**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00140-CMA-KMT

CAROLYN E. JONES,
 and ROBERTSON COHEN,
Bankruptcy Trustee in Bankruptcy Case No. 05-41229 ABC,

    Plaintiffs,

v.

AMERICAN BANKERS INSURANCE CO. OF FLORIDA and
HSBC FINANCE CORPORATION,
formerly known as HOUSEHOLD FINANCE HFC
f/k/a BENEFICIAL FINANCE CORP.

    Defendants.

---

**ORDER REMANDING CASE**

---

    Plaintiffs Carolyn E. Jones and Robertson Cohen allege that (1) Defendant HSBC Financial Corporation ("HSBC")[1] violated section 10-3-1105 of the Colorado Revised Statutes through advertising and requiring the purchase of an insurance policy as a prerequisite to obtaining a loan; (2) Defendants violated section 10-3-1104 of the Colorado Revised Statutes by engaging in purportedly unfair claims settlement practices and by failing to investigate the payment of her claim in a timely manner; and (3) Defendants violated section 10-3-1115 of the Colorado Revised Statutes by failing "to pay a claim for over six years [which] constitutes wrongful withholding of benefits, outrageous conduct and insurance bad faith." (Doc. # 65 at 4.) This matter comes

---

[1] HSBC at the time was known as Household Finance Corporation (HFC) and was formerly known as Beneficial Finance Corporation.

before the Court on Defendants' Motions to Dismiss the Amended Complaint filed on June 13, 2011. (Docs. ## 66 and 67.) Defendants assert that jurisdiction over Plaintiffs' claims is proper pursuant to 28 U.S.C. § 1332(a), however, Plaintiffs do not concede that the amount in controversy exceeds $75,000. (Doc. # 27 at 5.) The Court finds that jurisdiction is not proper because the amount in controversy does not exceed $75,000. Therefore, this case must be remanded to state court.

## I. BACKGROUND

### A. FACTS

In 1990, Plaintiff Jones took out a loan of approximately $15,000 from HSBC. At the time that Plaintiff Jones secured the loan, HSBC, acting as an agent on behalf of ABI, sold Plaintiff Jones an insurance policy. The insurance policy provided that ABI would make loan payments on Plaintiff Jones's behalf if Plaintiff Jones involuntarily became unemployed. Plaintiff Jones was charged a premium of $0.13 per $100 of the loan per month or 1.56% of the annual payment.

Plaintiff Jones was employed by Glenbyl Beauty Salon at the Broadmoor Hotel until she involuntarily lost her job when the beauty salon was sold in the fall of 2005. Plaintiff Jones was unemployed for approximately six months, during which time she was unable to make loan payments to HSBC. At the time that Plaintiff Jones lost her job, she filed an insurance claim with ABI, but never received a response. On October 9, 2005, Plaintiff Jones filed for bankruptcy and Plaintiff Cohen was assigned to be the Bankruptcy Trustee. On June 23, 2010, Plaintiff Jones received a letter from ABI acknowledging her 2005 unemployment insurance claim. ABI began making payments

directly to HSBC even though HSBC had been discharged in bankruptcy. In total, ABI paid HSBC $15,925.26.

**B.     PROCEDURAL HISTORY**

Plaintiff Jones filed her original Complaint in state court on December 21, 2010. (Doc. # 2.) On January 20, 2011, ABI removed this action to federal court with the consent of HSBC pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. # 1.) Defendants filed Motions to Dismiss (Docs. ## 11 and 13) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on January 27, 2011. Plaintiff Jones filed a combined Response on March 25, 2011. (Doc. # 27.) ABI filed a Reply on April 11, 2011. (Doc. # 33.) HSBC filed a Reply on April 12, 2011. (Doc. # 34.) On May 25, 2011, Plaintiff Jones amended the Complaint to include the Bankruptcy Trustee, Robertson Cohen, as a Plaintiff. (Doc. # 65.) Defendants filed the instant Motions to Dismiss the Amended Complaint on June 13, 2011, arguing that (1) Plaintiff Jones lacks standing; (2) judicial estoppel bars Plaintiffs' claims; (3) Plaintiffs' claims are time barred; (4) sections 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes do not apply because Defendants' conduct occurred before those statutes became effective; (5) Plaintiffs failed to state a claim for outrageous conduct; (6) there is no private right of action under section 10-3-1104 of the Colorado Revised Statutes; and (7) there is no private right of action under section 10-3-1105 of the Colorado Revised Statutes. (Docs. ## 66 and 67.)

## II. DISCUSSION

A.      **SUBJECT MATTER JURISDICTION**

Subject matter jurisdiction is a threshold matter that may be addressed by the Court *sua sponte*. *See, e.g., Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1135 (10th Cir. 2010). Pursuant to 28 U.S.C. § 1332(a), subject matter jurisdiction requires (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties for diversity jurisdiction.

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290 (1938)). A defendant seeking removal must "prove jurisdictional facts by a preponderance of evidence." *McPhail v. Deere & Co.,* 529 F.3d 947, 952-53 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $ 75,000 can support removal." *Id.* at 955.

"[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." When a plaintiff fails to allege the jurisdictional amount, *McPhail* suggests that a defendant may use interrogatories obtained in state court before removal was filed, proposed settlement offers, or affidavits as evidence of the amount in controversy. 529 F.3d at 954. However, conclusory assertions and outright speculation do not suffice. *Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2

(D. Colo. Jan. 28, 2009) (unpublished). "Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001).

**B. ANALYSIS**

In the Notice of Removal, Defendant ABI asserts that the amount in controversy exceeds $75,000. Plaintiffs do not specify an amount in controversy in the Amended Complaint. Although Plaintiffs have not filed a Motion for Remand to state court, Plaintiff Jones's combined Response indicates that she disagrees with Defendant ABI that the amount in controversy exceeds $75,000. (Doc. # 27 at 5.) Defendant ABI relies on six theories of damages to support its assertion that the amount in controversy has been met. However, the Court finds that only two of these theories are valid. Therefore, the Court finds that Defendant ABI has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold for the following reasons.

Defendant ABI puts forth two valid theories of damages on which Defendant ABI may rely to demonstrate that the $75,000 threshold has been met. First, Defendant ABI asserts that "Plaintiff seeks to recover as damages the 'insurance benefits that were paid under the policy' to HSBC." (Doc. # 1 at 4.) Defendant ABI has provided an affidavit as evidence that the insurance benefits that were paid to HSBC totaled $15,926.76. (Doc. # 1-3 at 2.) Therefore, Defendant ABI may rely on this figure to establish the amount in controversy.

Second, Defendant ABI asserts that "Plaintiff seeks to recover double [her

insurance benefits] under Colorado Revised Statutes section 10-3-1116." (Doc. # 1 at 4.) Pursuant to section 10-3-1116, a claimant "whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Plaintiffs have requested two times Plaintiff Jones's covered benefit as damages and have alleged facts in the Amended Complaint sufficient to state a plausible claim that Defendant ABI unreasonably delayed payment of benefits. (Doc. # 65 at 7.) Therefore, Plaintiff Jones could plausibly recover two times the covered benefit, $31,851.52, in damages under section 10-3-1116 of the Colorado Revised Statutes. Thus, Defendant ABI may rely on this figure to reach the amount in controversy requirement. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (holding that a district court may consider potential punitive damages in determining whether the jurisdictional amount has been met). However, this still does not take the amount in controversy beyond the $75,000 threshold.

Defendant ABI relies on four theories of damages which are invalid and may not serve as basis for reaching the amount in controversy requirement. First, Defendant ABI asserts that "Plaintiff seeks still further 'treble damages for unjustifiable delay in paying first party benefits under Colo. Rev. Stat. § 10-3-1116.'" (Doc. # 1 at 5.) Defendant ABI calculates that the treble damages Plaintiffs seek under section 10-3-1116 of the Colorado Revised Statutes will total $47,777.28, three times the amount of the insurance benefits that Plaintiffs are seeking to recover. Although the Court agrees that Plaintiffs can recover two times Plaintiff Jones's covered benefit under section 10-3-

1116, the Court finds nothing in that section that would allow Plaintiffs to recover further treble damages. It is Defendant ABI's burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. It is not the role of the Court to search for case law that would indicate that section 10-3-1116 allows for the recovery of treble damages. Nothing in the text states that treble damages are available and Defendant ABI has not provided any case law to inform the Court otherwise. Therefore, Defendant ABI may not rely on treble damages under section 10-3-1116 to reach the amount in controversy requirement.

Second, Defendant ABI asserts that the amount in controversy is increased by an additional $47,777.28 because Plaintiffs seek treble damages under the Colorado Consumer Protection Act ("CCPA"). (Doc. # 1 at 4-5.) Defendant ABI contends that Plaintiffs may be able to recover triple the amount of Plaintiff Jones's insurance benefits under the CCPA, because the CCPA provides that a person who:

> is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article shall be liable in an amount equal to the sum of: (a) The greater of: (I) The amount of actual damages sustained; or (II) Five hundred dollars; or (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court.

Colo. Rev. Stat. § 6-1-113(2). Defendant ABI assumes that Plaintiff Jones's actual damages under the CCPA are the insurance benefits, $15,926.76, to which Plaintiff Jones claims she is entitled. However, Defendant ABI misunderstands the damages available to Plaintiff Jones under the CCPA. Plaintiffs assert that Defendant HSBC's

7

practice of advertising and requiring purchase of an insurance policy is a statewide deceptive trade practice in violation of the CCPA. (Doc. # 65 at 6.) Therefore, Plaintiff Jones's actual damages resulting from Defendant HSBC's deceptive trade practices would be insurance premiums that Plaintiff Jones paid to Defendant ABI as a precondition to receiving the loan, not the insurance **benefits**. Therefore, the Court must disregard Defendant ABI's contention that Plaintiffs' CCPA claim raises the amount in controversy by an additional $47,777.28. Furthermore, beyond speculation, the Court does not have the information necessary to make a calculation of Plaintiff Jones's damages under the CCPA, nor is it the role of the Court to do so.

Third, Defendant ABI contends that "[t]he Complaint's request for an award of attorneys' fees itself, in a case of this nature, places the amount in controversy over the $75,000 threshold." (Doc. # 1 at 5.) It is well settled that "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although Colorado law provides for the recovery of attorney's fees under section 10-3-1116 of the Colorado Revised Statutes, Defendant ABI must prove by a preponderance of the evidence that the attorney's fees will increase the amount in controversy over $75,000. A defendant may use "an affidavit from its own experts as to the probable costs of litigation and amount of attorney's fees" to help meet this burden. *Tafoya v. Am. Family Mut. Ins. Co.*, No. 09-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28,

2009) (unpublished).

Although Defendant ABI has provided a declaration (Doc. # 1-5) from an expert, Defendant ABI has failed to show that the asserted attorney's fees are not merely speculative. The Court does not find this decision to be contrary to prior holdings of the Tenth Circuit in which the court determined that the asserted attorney's fees were not speculative. For example, in *Miera,* the plaintiff had alleged the actual attorney's fees to date in the complaint. *Miera,* 143 F.3d at 1340. The attorney's fees already expended and alleged by the plaintiff brought the amount in controversy within approximately $2,000 of the $75,000 threshold. The *Miera* court found that "[c]onsidering the realities of modern law practice and the complexities of this case, we cannot say that, viewed as of the date of removal, it would be unreasonable to expect plaintiff to incur an additional $2,117.50 in attorney's fees." *Id.; see also Salazar v. Geico Ins. Co.*, No. CIV 10-0118, 2010 WL 2292930, at *6 (D.N.M. Apr. 27, 2010) (unpublished) (holding that the plaintiff's "potential entitlement to attorney's fees on top of the $75,000.00 in benefits under the insurance policy" established that the court had jurisdiction.)

In the instant case, unlike in *Miera*, Plaintiffs have not alleged their attorney's fees to date. Additionally, for the reasons previously discussed, Defendant ABI has only provided enough evidence to show that the amount in controversy is $31,851.52, not including attorney's fees. It is far too speculative, even with a declaration, for the Court to infer that the attorney's fees will raise the current amount in controversy by over $40,000 to exceed the $75,000 threshold. Per *Tafoya,* "given that the case is in its infancy, one would have to engage in sheer speculation to determine the amount of

fees that might ultimately be awarded on the present record." 2009 WL 211661, at *2.

Fourth, Defendant ABI incorrectly asserts that the amount in controversy represented by Plaintiff Jones's counsel on the state court cover sheet should be given weight when determining the amount in controversy. Defendant ABI concedes that state court cover sheets, by themselves, cannot be used to establish the amount in controversy. *See Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007). However, Defendant ABI argues Plaintiff Jones's Civil Cover Sheet may be sufficient to establish the amount in controversy if accompanied by additional evidence. (Doc. # 1 at 6.) In the instant case, as discussed above, Defendant ABI has not provided additional evidence sufficient to support the assertion that the amount in controversy exceeds the $75,000 threshold. Therefore, Defendant ABI cannot rely on Plaintiff Jones's Civil Cover Sheet to establish the amount in controversy. *See Tafoya,* 2009 WL 211661, at *2 (holding that "allegations in a plaintiff's Civil Cover Sheet are insufficient, in the absence of otherwise sufficient factual showings to satisfy the amount in controversy requirement."); *Valdez v. Byers,* No. 09-cv-00764, 2009 WL 1440090, at *2 (D. Colo. May 20, 2009) (unpublished) (holding that the defendants could rely on the civil cover sheet because the defendants also provided probative evidence regarding the amount in controversy, the settlement demand letter).

Therefore, the Court finds that Defendant ABI has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 because four of the damages theories that Defendant ABI relies on are invalid.

### III.  CONCLUSION

Accordingly, it is ORDERED that this action is REMANDED to the El Paso County District Court for further proceedings.

DATED: June  23 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge